UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| IN RE: | § | CASE NO. 25-13093 |
| | § | |
| MARKROIS JARRELL WILLIAMS | § | CHAPTER 13 |
| | § | |
| DEBTOR | § | SECTION A |

**OBJECTION TO PLAN CONFIRMATION**

**NOW INTO COURT**, through undersigned counsel, comes Alex Leonidas Espinosa Flores ("**Mr. Flores**"), in his capacity as the natural tutor of Alex Galit Espinosa Flores, who hereby objects to the *Chapter 13 Plan* (Docket No. 1) (the "**Plan**") filed on behalf of Markrois Jarrell Williams (the "**Debtor**"). Confirmation should be denied because the Plan mischaracterizes the Debtor as holding a present ownership interest in certain immovable property located at 5554 Providence Place, New Orleans, Louisiana (the "**Property**"), which is owned by Alex Galit Espinosa Flores, a minor, appearing through his natural tutor, Mr. Flores.[1]

The Debtor holds, at most, a contractual and conditional right to purchase the Real Property under the *Bond for Deed* executed by Mr. Flores and the Debtor (the "**Bond for Deed**"),[2] regarding which the Debtor has been in continuous default since its inception.[3] The Plan nevertheless treats the Property as though it were itself property of the estate (which it is not) and proposes to cure the Debtor's defaults and make payments under the Bond for Deed, despite the Debtor having shown no past or present ability to perform the contractual obligations thereunder.

A bankruptcy estate consists of "all legal or equitable interests of the debtor in property as of the commencement of the case,"[4] the nature of which is defined by state law.[5] Under Louisiana law, a bond for deed is "a contract to sell real property in which the purchase price is payable by the buyer in installments and in which the seller after payment of a stipulated sum agrees to deliver title to the buyer."[6] Such an agreement does "not convey full ownership," but only limited rights

---

[1] *See* Bond for Deed (defined hereinbelow) and associated filings, true and correct copies of which are attached hereto, *in globo*, and incorporated by reference as **Exhibit A**. The Bond for Deed reflects that Carolina del Carmen Moran Perez, the spouse of Mr. Flores, also executed the instrument as a co-seller. The interest of the minor, Alex Galit Espinosa Flores, was conveyed through his natural tutor pursuant to authority granted by the Civil District Court for the Parish of Orleans in *In re: Tutorship of Alex Galit Espinosa Flores*, No. 2021-10436.

[2] The Bond for Deed was recorded in the public records for Orleans Parish on October 18, 2024 as Instrument No. 2024-30871.

[3] *See* Claim No. 3-1.

[4] 11 U.S.C. § 541(a)(1).

[5] *Butner v. United States*, 440 U.S. 48, 54–55 (1979).

[6] La. R.S. 9:2941(1).

such as possession and the right to demand specific performance of conveyance of title upon completion of the installment payments.[7]

The Bond for Deed provides that title to the Real Property did not pass when the agreement was executed, and that the act of sale conveying the Real Property will be held in escrow by Escrow Funding, Inc. and delivered to the Debtor only upon satisfaction of the Debtor's obligations under the Bond for Deed.[8] The Bond for Deed further provides that the agreement "is not a sale, transfer or conveyance" of the Real Property, but rather a contract obligating the sellers to convey title at a future date provided the purchaser timely complies with the terms of the agreement.[9]

The Bond for Deed constitutes an executory contract within the meaning of the Bankruptcy Code. Although the Code does not define the term, courts generally apply the well-established definition that an executory contract is one "under which the obligations of both the bankrupt and the other party to the contract are so far unperformed that the failure of either to complete performance would constitute a material breach excusing the performance of the other."[10]

Under the Bond for Deed, material obligations remain outstanding on both sides of the agreement. The Debtor remains obligated to pay the full purchase price through installment payments, while the seller remains obligated to convey title to the Property upon satisfaction of those obligations. Courts routinely recognize that installment land contracts and similar arrangements—where payment obligations remain outstanding and title has not yet been transferred—fit squarely within the definition of an executory contract for purposes of 11 U.S.C. § 365.[11]

The Bond for Deed states a principal purchase price of $315,000, consisting of an initial $15,000 down payment followed by monthly $25,000 installment payments beginning October 15, 2024 and continuing each month until the indebtedness is paid in full.[12] The Debtor has not satisfied any payment obligations under the Bond for Deed, not even the down payment.[13]

---

[7] *See Levine v. First Nat'l Bank of Commerce*, 948 So.2d 1051, 1059 (La. 2006); *see also Scott v. Apgar*, 238 La. 29, 113 So.2d 457 (1959) ("the transfer of ownership is incomplete without a deed translative of title").

[8] Bond for Deed at 1.

[9] *Id*. at 7.

[10] *See, e.g., Sharon Steel Corp. v. Nat'l Fuel Gas Distrib. Corp.*, 872 F.2d 36, 39 (3d Cir. 1989).

[11] *See, e.g., In re Manz*, 617 B.R. 520, 528 (Bankr. D.N.J. 2020) (holding that a home-ownership contract was an executory contract because both parties retained material obligations, including the debtor's obligation to make payments and the counterparty's obligation to convey title).

[12] *Id*. at 1.

[13] *See* Claim No. 3-1.

Accordingly, because no portion of the purchase price has been paid, the Debtor is presently in default for no less than the entire $315,000 purchase obligation under the Bond for Deed.

The Plan nevertheless proposes to treat the Debtor's obligations arising under the Bond for Deed as a claim that may be cured and maintained through the Chapter 13 process. The Plan contemplates the Debtor will retain possession of the Property, cure the alleged arrearage owed under the Bond for Deed through payments made under the Plan, and continue making installment payments thereafter. In effect, the Plan treats the Bond for Deed as though it were a secured financing arrangement encumbering property owned by the Debtor, with the Debtor retaining the Property while satisfying the underlying obligation over time through the Chapter 13 Plan.

The Plan proposes to assume the Bond for Deed. Where a chapter 13 debtor seeks to assume through a Plan an executory contract that is in default, the Bankruptcy Code requires the debtor to cure the default, compensate the non-debtor party for pecuniary losses resulting from the default, and provide adequate assurance of future performance under the contract.[14]

The Plan does not identify any existing default on the Bond for Deed, does not propose a mechanism for curing that default, and provides no evidence demonstrating that the Debtor can perform the contractual obligations going forward. Without a prompt cure of defaults and adequate assurance that the Debtor can perform under the contract in the future, the Bond for Deed cannot be assumed. Because the Plan depends upon assumption of that contract, confirmation must be denied.

Furthermore, because the Bond for Deed is an executory contract, the Debtor cannot treat it through the Chapter 13 Plan as though it were a conventional secured debt subject to modification. Bankruptcy courts hold that the "prompt cure" requirement prevents a debtor from simply amortizing an executory-contract default over the life of a Chapter 13 plan.[15] The Plan here does precisely what § 365 forbids: rather than assuming the Bond for Deed and promptly curing the Debtor's defaults, it attempts to treat the contract as though it were a secured mortgage obligation that may be amortized and paid over time through plan distributions. Because the Plan does not provide for the prompt cure required for assumption of an executory contract, the Bond for Deed cannot be assumed and confirmation of the Plan must be denied.

---

[14] 11 U.S.C. 365(b)(1);11 U.S.C. § 1322(b)(7).

[15] *See In re Manz*, 617 B.R. 520, 528–29 (Bankr. D.N.J. 2020) (denying confirmation where debtor proposed to cure default under executory home-ownership contract over forty-four months, holding that such treatment was not a "prompt" cure under § 365(b)(1)).

RESPECTFULLY SUBMITTED,
**RICCI PARTNERS, LLC**

*/s/ James W. Thurman*
James W. Thurman (#38494)
j.thurman@riccipartnersllc.com
101 W. Robert E. Lee Blvd., Suite 400
New Orleans, Louisiana 70124
P: 504.304.7115
F: 504.309.1123

*Counsel for Alex Flores*

## CERTIFICATE OF SERVICE

I certify by the following signature that a copy of the foregoing pleading has been served upon all persons identified below by electronic mail on this 10th day of March, 2026:

- **Karie L Fahrenholz**    ecf@ch13no.com

- **Edwin       M.       Shorty**                eshorty@eshortylawoffice.com, tshorty@eshortylawoffice.com;dmartin@eshortylawoffice.com;khutchinson@eshortylaw office.com

- **Office of the U.S. Trustee**    USTPRegion05.NR.ECF@usdoj.gov

*s/ James W. Thurman*